**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Glenn Combs and Brenda C. Combs, | No. CV 2:10-CV-1492-PHX-NVW |
| Plaintiffs, | **ORDER** |
| vs. | |
| State Farm Insurance Companies, et al., | |
| Defendants. | |

Federal courts may exercise removal jurisdiction over a case only if jurisdiction existed over the suit as originally brought by the plaintiff. 28 U.S.C. § 1441(a). The removing party bears the burden of establishing federal subject matter jurisdiction. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). District courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. § 1332. If the amount in controversy is not facially evident from the complaint, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold and may not rely on conclusory allegations. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). In deciding whether the amount in controversy exceeds the jurisdictional threshold, the court may consider facts in the removal petition, and may require the

1  parties to submit summary-judgment-type evidence relevant to the amount in controversy
2  at the time of removal. *Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 377 (9th
3  Cir. 1997).

4　　　In this case, it is not facially evident from the face of the complaint that more than
5  $75,000 is in controversy. In its notice of removal, State Farm Fire and Casualty
6  Company ("State Farm") alleges that Plaintiffs seek damages in excess of $75,000.
7  However, the complaint does not quantify Plaintiffs' damages. State Farm cannot rely on
8  mere speculation, but must articulate facts in support of its contention that the amount in
9  controversy exceeds the jurisdictional threshold. Because it has failed to support its claim
10 with facts, State Farm has not met its burden to show that the amount in controversy
11 exceeds $75,000.

12　　　Moreover, a notice of removal in a civil action must be filed within thirty days
13 after the defendant receives a copy of the initial pleading setting forth the claim for relief
14 upon which the action is based. § 1446(b). If the case is not initially removable, "a
15 notice of removal may be filed within thirty days after receipt by the defendant, through
16 service or otherwise, of a copy of an amended pleading, motion, or other paper from
17 which it may first be ascertained that the case is one which is or has become removable."
18 *Id.* State Farm alleges that it filed its notice of removal within thirty days after receiving
19 Plaintiffs' discovery responses from which it was first ascertainable that the case was
20 removable. However, State Farm does not aver any facts in support of that contention.
21 State Farm has the burden of establishing that removal was proper. *Duncan v. Stuetzle*,
22 76 F.3d 1480, 1485 (9th Cir. 1996). Without articulating facts to show that removal was
23 proper, State Farm cannot meet its burden.

1       IT IS THEREFORE ORDERED that State Farm submit additional evidence by August 4, 2010, to establish that removal is proper. Plaintiffs will then have until August 18, 2010, to respond.

DATED this 21st day of July, 2010.

                                              /s/ Neil V. Wake
                                              Neil V. Wake
                                              United States District Judge